PEDRO J. RAMÍREZ JUSINO, demandante, contrademandado y apelante, *v.* CAMILA RAMÍREZ RAMÍREZ, demandada, contrademandante y apelada.

Núm. 8702.—*Sometido:* Noviembre 16, 1943. *Resuelto:* Marzo 6, 1944.

*José R. Gelpí*, abogado del apelante; *José Sabater* y *Vicente Palés Matos*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La cuestión a resolver en este recurso es si la demanda aduce hechos constitutivos de causa de acción o si no aduciéndolos es susceptible de enmienda. La acción se tituló "Liquidación de sociedad de gananciales" y sustancialmente se alega: que el demandante y la demandada contrajeron matrimonio el 27 de diciembre de 1923, disuelto por sentencia firme de divorcio dictada el 8 de noviembre de 1940; y que la demandada aportó al matrimonio los bienes que figuran en un inventario preparado por el demandante, transcrito en la demanda, en el cual expone el demandante el valor que según él tenían dichos bienes al tiempo de contraerse el matrimonio y el que tenían a la fecha de su disolución. Asimismo se hace figurar en el referido inventario una relación de los bienes adquiridos durante el matrimonio, con el precio de compra, así como las mejoras y construcciones llevadas a cabo por el demandante en los bienes privativos de la demandada. También figuran en el inventario los frutos, rentas y beneficios producidos por los bienes privativos y gananciales durante el matrimonio. Se alega además que los bienes de la sociedad de gananciales, luego de deducidas las deudas de dicha sociedad que se detallan en el inventario y ascienden a $5,881.85, tienen un valor líquido de $333,971.76, del cual alega el demandante le corresponde la mitad, o sea $166,985.88, capital que se alega se halla en poder de la

demandada; y que ésta se niega a proceder a la liquidación de la sociedad de gananciales y a pagar al demandante su participación en la misma, habiendo sido inútiles todas las gestiones practicadas por el demandante para que la demandada proceda a entregarle su referida participación, bien en dinero, ya en bienes de la sociedad de gananciales. Alegó además el demandante que en adición a los bienes de que se ha hecho referencia, existen las cuotas de azúcar asignadas a las diferentes fincas privativas de la demandada y a las adquiridas por la sociedad de gananciales; que dichas cuotas fueron asignadas durante el matrimonio, y que la mitad del valor de ellas, según el demandante, es de $23,000, cuya cantidad reclama como suya. Termina la demanda con súplica que literalmente dice:

"En mérito de lo alegado, el demandante suplica a la Hon. Corte *se sirva disponer, en su día y mediante los trámites legales, la liquidación y división de la extinguida sociedad de gananciales existente entre el demandante y la demandada,* condenando a ésta a entregar al demandante la suma reclamada de $166,985.88 que le corresponde en la misma y a cederle al demandante la mitad de las cuotas de azúcar adquiridas durante la sociedad de gananciales a que se ha hecho mención en el párrafo undécimo de la demanda o, en su defecto, a pagarle $23,000, valor de las mismas, *y si no lo hiciere, que la Corte adopte los medios legales para dicha liquidación y entrega al demandante de su mitad indivisa en la totalidad de los bienes gananciales,* condenando, además, a la demandada si se opusiere a esta demanda, en costas y en una cantidad razonable para honorarios de abogado del demandante." (Bastardillas nuestras.)

Habiendo interpuesto la demandada excepción previa de insuficiencia de hechos constitutivos de causa de acción, la corte inferior declaró con lugar la excepción y, considerando que la demanda no era susceptible de enmienda, de su propia iniciativa dictó la sentencia apelada.

■■ Tanto la corte inferior como la parte apelada sostienen que la demanda es insuficiente porque el propio demandante fué quien preparó el inventario y porque el demandante solicitó se le entregase en dinero la cantidad que

estimó era el valor de su participación en dicha sociedad, y no la participación indivisa que le correspondía en los bienes gananciales.

A nuestro juicio el hecho de que el demandante transcriba en la demanda lo que él cree es un inventario y avalúo de los bienes gananciales, no perjudica su causa de acción. Para que sea posible la liquidación de la sociedad de gananciales es necesario que existan bienes gananciales, y es una manera de alegar la existencia de tales bienes acompañar la demanda de una relación de los mismos, de su valor y de las deudas de la sociedad de gananciales, ya que con arreglo al artículo 1322 del Código Civil (ed. 1930), lo que se divide por mitad entre marido y mujer, o sus respectivos herederos, es el remanente líquido de los bienes gananciales. El hecho de que figure ese inventario como parte de la demanda no implica que necesariamente la corte haya de aceptarlo como correcto y base en él su decisión a los efectos de determinar la participación de los socios en la extinguida sociedad conyugal. El propio demandante en la súplica de su demanda, como hemos visto, pide a la corte *se sirva disponer en su día y mediante los trámites legales la división de la extinguida sociedad de gananciales,* y más adelante sigue suplicando que en defecto de pago de las cantidades reclamadas, *la corte adopte los medios legales para dicha liquidación y entrega al demandante de su mitad indivisa en la totalidad de los bienes gananciales.*

El solicitar alternativamente la cantidad que el demandante cree es el valor de su participación o en su defecto la mitad indivisa de los bienes gananciales, tampoco perjudica su causa de acción. No necesitamos citar autoridades para sostener que la súplica de una demanda no afecta la causa de acción. Es deber de la corte dar al demandante un remedio que sea consistente con las alegaciones, con tanta mayor razón en el presente caso cuanto que el demandante así lo solicita. Él no pide expresamente que se nombre un contador partidor, pero al solicitar que la corte *adopte los*

*medios legales para la liquidación y entrega al demandante de su mitad indivisa en la totalidad de los bienes,* está solicitando de la corte implícitamente el nombramiento de un contador partidor para que proceda al inventario, avalúo y liquidación de la sociedad de gananciales, de conformidad con la ley. No debemos perder de vista que el artículo 122 del Código de Enjuiciamiento Civil (ed. 1933), vigente cuando se dictó la sentencia apelada, prescribía que ''Al considerar una alegación para determinar sus efectos, deberá interpretarse con liberalidad, a fin de asegurar absoluta justicia entre las partes.'' Parece conveniente, dado el resultado a que hemos de llegar en este caso, referirnos a las Reglas de Enjuiciamiento Civil actualmente en vigor núms. 8(*f*) y 81(*b*), que prescriben:

''8(*f*) *Interpretación de las Alegaciones.*—Todas las alegaciones se interpretarán con el propósito de hacer justicia sustancial.''

''81(*b*) *Denominación o Súplica Erróneas.*—Cualquier defecto en la denominación de la acción ejercitada o en la súplica del remedio solicitado, no será óbice para que la corte, descartando el error así cometido, conceda el remedio que proceda de acuerdo con las alegaciones y la prueba.''

*Por lo expuesto, procede revocar la sentencia apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*